# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-2008V
UNPUBLISHED

|  |  |
|---|---|
| DEBORAH WOOD,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 11, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 31, 2019, Deborah Wood filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on October 4, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 21, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 10, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,678.95, representing $57,500.00 in pain and suffering and $178.95 in out-of-pocket and mileage expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $57,678.95, representing $57,500.00 in pain and suffering and $178.95 in out-of-pocket and mileage expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| DEBORAH WOOD,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | No. 19-2008V (ECF)<br>Chief Special Master Corcoran |

<u>**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**</u>

On December 31, 2019, Deborah Wood ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that she received on October 4, 2017.  ECF No. 1 at 1. On May 26, 2022, petitioner filed a Motion for Ruling on the Record, arguing that the medical records and affidavit testimony established that petitioner suffered a Table Injury.  *See* ECF No. 29 at 10-18.  On August 11, 2022, respondent filed a Response to petitioner's Motion for Ruling on the Record, and on August 16, 2022, petitioner filed a Reply.  *See* ECF Nos. 32-33.  On February 21, 2023, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that there was preponderant evidence that petitioner satisfied the "QAI requirements for a Table SIRVA."  ECF No. 36 at 11.

## I.      Items of Compensation

### a.   Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### b.   Past Un-reimbursable Expenses

Evidence supplied by petitioner documents that she incurred past un-reimbursable expenses pertaining to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the total amount of $178.95 ($100.00 for past out-of-pocket expenses and $78.95 for past mileage).  *See* 42 U.S.C. §300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a).  Petitioner agrees.

## II.      Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $57,678.95, in the form of a check payable to petitioner.

## III.      Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Deborah Wood:      **$57,678.95**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Joseph Leavitt*
JOSEPH D. LEAVITT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Email: joseph.leavitt@usdoj.gov

Dated: May 10, 2023